FILED
FEB 20 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAHLIL SHELTON<br>DERON HOWELL<br>OCTAVIO MARINELLO | Criminal No. 17-260<br><br>[UNDER SEAL] |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W Brady, United States Attorney for the Western District of Pennsylvania, and Timothy M. Lanni, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a ten-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| 1 | Conspiracy to Possess with Intent to Distribute and Distribute Less than 50 Kilograms of Marijuana<br><br>From on or about August 4, 2017, to on or about August 7, 2017 | 21 U.S.C. § 846 | SHELTON<br>HOWELL |
| 2 | Possession with Intent to Distribute Less than 50 Kilograms of Marijuana<br><br>On or about August 7, 2017 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) | SHELTON<br>HOWELL |
| 3 & 8 | Conspiracy to Commit a Hobbs Act Robbery<br><br>On or about August 7, 2017 (Count 3)<br>On or about July 27, 2017 (Count 6) | 18 U.S.C. § 1951 | SHELTON (Count 3)<br>HOWELL (Counts 3 & 8) |

| | | | |
|---|---|---|---|
| 4 & 9 | Hobbs Act Robbery<br><br>On or about August 7, 2017 (Count 4)<br>On or about July 27, 2017 (Count 7) | 18 U.S.C. §§ 1951 and 2 | SHELTON (Count 4)<br>HOWELL (Counts 4 & 9) |
| 5 & 10 | Using, Carrying, Brandishing and/or Discharging a Firearm During and in Relation to a Drug Trafficking Crime and/or Crime of Violence and Possession and/or Discharge in Furtherance Thereof<br><br>On or about August 7, 2017 (Count 5)<br>On or about July 27, 2017 (Count 10) | 18 U.S.C. §§ 924(c)(1)(A)(i),(ii), (iii) and 2 | SHELTON (Count 5)<br>HOWELL (Counts 5 & 10) |
| 6 | Possession with Intent to Distribute Less than 50 Kilograms of Marijuana<br><br>On or about August 7, 2017 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) | MARINELLO |
| 7 | Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession in Furtherance Thereof<br><br>On or about August 7, 2017 | 18 U.S.C. § 924(c)(1)(A)(i) | MARINELLO |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of Conspiracy to Possess with Intent to Distribute and Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with the intent to distribute a controlled substance and intending to join

2

together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

    4.    That marijuana is a Schedule I controlled substance.

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.    As to Counts 2 and 6:**

In order for the crime of Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Superseding Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.    That marijuana is a Schedule I controlled substance.

**C.    As to Counts 3 and 8:**

In order for the crime of Conspiracy to Commit a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That two or more persons agreed to commit a robbery encompassed within the Hobbs Act.

    2.       That the defendants knew of the conspiratorial goal.

    3.       That the defendants voluntarily participated in helping to accomplish the goal.

    4.       A possibility or potential of an effect on interstate commerce existed.

> United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003), United States v. Needham, 604 F.3d 673 (2nd Cir. 2010).

**D.**    **As to Counts 4 and 10:**

In order for the crime of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.       That the defendants took from the victims named in the Superseding Indictment the property described in that Count of the Superseding Indictment;

    2.       That the defendants did so knowingly and willfully by robbery; and

    3.       That as a result of the defendants' actions, interstate commerce was obstructed, delayed, or affected.

Third Circuit Model Criminal Jury Instruction 6.18.1951 (modified).

**E.**    **As to Counts 5, 7, and 10:**

In order for the crime of Using, Carrying, Brandishing, and/or Discharging a Firearm During and in Relation to a Drug Trafficking Crime and/or Crime of Violence, and Possessing and/or Discharging in Furtherance of said crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.       That the defendant committed the crime of drug trafficking, as charged in Counts One, Two, and/or Six of the Superseding Indictment, and/or the crime of violence, as charged in Counts

Three, Four, Eight, and/or Nine of the Superseding Indictment.

2.   That during and in relation to the commission of the crime, the defendant knowingly used and/or carried and/or brandished and/or discharged the firearm, and/or possessed the firearm in furtherance thereof.

Third Circuit Model Criminal Jury Instructions 6.18.924A and 6.18.924B.

### III.  PENALTIES

A.   As to Counts 1, 2, and 6:  Conspiracy to Possess with Intent to Distribute and Distribute Less than 50 Kilograms of Marijuana (21 U.S.C. § 846), and Possession with Intent to Distribute Less than 50 Kilograms of Marijuana  (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)):

1.   A term of imprisonment of not more than five (5) years.

2.   A fine not to exceed $250,000.

3.   A term of supervised release of at least two (2) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.   A term of imprisonment of not more than ten (10) years.

2.   A fine not to exceed $500,000.

3.   A term of supervised release of at least four (4) years.

B.   As to Counts 3, 4, 8, and 9:  Conspiracy to Commit a Hobbs Act Robbery and Hobbs Act Robbery (18 U.S.C. §§ 1951 and 2):

1.   A term of imprisonment of not more than twenty (20) years;

2.   A fine of not more than $250,000;

3.   A term of supervised release of not more than three (3) years.

    C. As to Counts 5, 7, and 10: Using, Carrying, Brandishing, and/or Discharging a Firearm During and in Relation to Drug Trafficking Crimes and/or Crimes of Violence, and Possession and/or Discharge of a Firearm in Furtherance Thereof (18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2):

    1. A term of imprisonment of not less than five (5) years (7 years for 924(c)(1)(A)(ii), 10 years for 924(c)(1)(A)(iii)) nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crimes of violence/drug trafficking crimes (18 U.S.C. § 924(c)(1)). For a second or subsequent conviction of a violation of 18 U.S.C. § 924(c), a consecutive term of imprisonment of not less than twenty-five (25) years nor more than life. (18 U.S.C. § 924(c)(1)(C)).

> United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

    2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3. A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

Not applicable in this case.

                                      Respectfully submitted,

                                      SCOTT W. BRADY
                                      United States Attorney

                                      */s/ Timothy M. Lanni*
                                      TIMOTHY M. LANNI
                                      Assistant U.S. Attorney
                                      NJ ID No. 011242012