

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

March 21, 2018

Lyle Dresbold, Esquire
Law Offices of David Shrager
437 Grant Street, Suite 617
Pittsburgh, PA 15219

Re:   United States of America v. Octavio Marinello
      Criminal No. 17-260

Dear Mr. Dresbold:

This letter sets forth the agreement by which your client, Octavio Marinello, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Octavio Marinello and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Octavio Marinello will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Octavio Marinello, agrees to the following:

        1.    Octavio Marinello will enter a plea of guilty to Count 7 of the Superseding Indictment at Criminal No. 17-260, charging him with violating 18 U.S.C. § 924(c)(1)(A)(i) pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He acknowledges his responsibility for conduct charged in Count 6 of the Superseding Indictment at Criminal No. 17-260 and stipulates that the

**LIMITED OFFICIAL USE**



conduct charged in that count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, Octavio Marinello agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

4. At the time Octavio Marinello enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Octavio Marinello waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Octavio Marinello may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Octavio Marinello may take a direct appeal from the sentence.

    Nothing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss Count 6 of the Superseding Indictment at Criminal No. 17-260, without prejudice to reinstatement if, at any time, Octavio Marinello, is permitted to withdraw his plea of guilty. In that event, Octavio Marinello waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of

      the involvement of Octavio Marinello in the offenses charged in the Superseding Indictment and of any other matters relevant to the imposition of a fair and just sentence.

   3. The United States agrees to recommend a two level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

   4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Octavio Marinello and the United States Attorney further understand and agree to the following:

   1. The penalty that may be imposed upon Octavio Marinello at Count Seven is:

     (a) A term of imprisonment of not less than five (5) years nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for any crime of violence/drug trafficking crime.

     (b) A fine not to exceed $250,000;

     (c) A term of supervised release of not more than five (5) years;

     (d) A special assessment under 18 U.S.C. § 3013 of $100.

    Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, defendant is not eligible for a sentence of probation.

   2. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Octavio Marinello is not a prevailing party for the purposes of seeking attorney fees or other litigation expenses under Pub. L No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Octavio Marinello waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

3. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Octavio Marinello acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

4. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Octavio Marinello and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney


I have received this letter from my attorney, Lyle Dresbold, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*
OCTAVIO MARINELLO

4/9/18
Date

Witnessed by:

*[signature]*

LYLE DRESBOLD, ESQUIRE
Counsel for Octavio Marinello